Good morning, Your Honors. Asking here, Your Honor, for a judicial review of the- What's your name? I'm sorry, I didn't- Your Honor, Joyce Vega, on behalf of- Thank you. Could I also trouble you to pull the mic a little closer to you? The acoustics in here are terrible. Thank you. Thank you, Your Honor. Your Honor, we're asking this Court to remand the matter again and reverse the decision of the Board. The reason being is, Your Honor, this is about due process. The whole crux of the matter is that the notice to appear did not, again, did not allow the defendant to, I mean the petitioner, to have all ramifications of representation. If he had known it was making a false claim, then he would have properly defended his case. The fact of the matter is that just because it falls into a bootstrapping of the allegations made that it was not a good moral character does not mean that it was also based upon making a false claim of citizenship. Could you try to talk louder? I'm missing some words. I can't hear you. I'm sorry, Your Honor. I'll make it louder. So we're asking, Your Honor, that this requires judicial review and that it should have all the remnants of due process that was denied with the petitioner. It wasn't in the notice to appear, and that's the very crux of the matter. Jurisdiction is still permeating throughout this process. Why would they have to put it in the notice to appear? This is basically a defense. I mean, they're charging him with being removable, and they've alleged whatever they are going to allege against him. And then he comes back and says, okay, I want cancellation. He's the one who puts that in issue. Why do they have to allege anything with respect to cancellation? Your Honor, the very defense that he needs to allege it because it occurred, it was a surprise attack. That was our allegation. That was a surprise attack. And when the notice to appear does not mention that, and it now is the very crux of why he was ---- Well, they don't mention it because they're not the ones putting it in issue. He's the one who's seeking cancellation. But if the standard ---- Your Honor, the cases show that making false representation on citizenship has its own independent category. Not in itself. I don't get that either. As I understand it, in order to be in the U.S., you have to either be a citizen or have one or another status that entitles you to be in the U.S., like have a tourist visa or green card or something, just as with all other countries. You can't just be there because you feel like being there. So they basically send him a notice saying, as far as we can tell, you don't have a right to be here right now. You're removable. And then he comes back and says, basically, give me a break. I've got a wife and family here, and I've been a good citizen here except for not being a citizen for many years. And my kids are citizens. And then they say, and this is the third step, you're not of good moral character because, as I recall, you said you had a green card when you didn't once. And so I come to the same question as Judge Silverman. All they have to say is, you have to leave because you haven't shown a right to be here. And then he says, give me a break. And then they say, you don't get a break because of not being of good moral character. I don't see why that would have to be in their notice. Maybe if you took us through the statute, it would make it easier. Or through the words of the notice. The words of the notice, all I can say, Your Honor, is that the notice does not allow that. I can't hear you again. I'm sorry, Your Honor. The notice did not allow that offense to go in. And although it went into like a surprise to the petitioner, that forms the basis for his defense. Although it was a surprise matter that occurred during the hearings. And it shows that he's entitled to have a proper defense. It's a surprise attack. He should be granted some kind of proper representation and ability to prepare for that. And that was denied to him. And in the case laws, it shows that it has a very substantial need to have that in a notice to appear. And that wasn't provided here. And that's really what it is, Your Honor. We're asking for an evaluation that he did not have provided due process to defend himself. It was more, if it were required, it should have been in the notice to appear so he had proper defense. And you're saying just because it came in this surprise information at the end of the day, that was very close to why he was denied and now he's supposed to be removed. You may want to save some time for rebuttal. Because I know I have some questions for your adversary that you may want to hear your response to. Thank you, Your Honor. Counsel? Good morning. May it please the Court, Anna Nelson for our respondent, Attorney General. Could you talk a little louder, too? Sure. This courtroom, courtroom two, doesn't have great acoustics. As the Court has already addressed, there's – Counsel, I have a real specific question for you. Absolutely. The I.J. said, I cannot give you relief because I cannot find you of good moral character on account of your having said you had a green card when you didn't or said you were a U.S. citizen. I can't remember which it was. Right. Do you remember which it was? He – It doesn't matter. He told the Border Patrol agent that he was a U.S. citizen. Okay. Said he was a U.S. citizen when he wasn't. Now, when I look through the categories, there's a category that says no relief for people who testify that they're U.S. citizens when they're not. Right. But that only applies to sworn testimony under CUNGIS. Right. It doesn't apply to telling a Border Patrolman that you're a U.S. citizen when you're not. Exactly. And I can't find any category that mandates no relief for people who lie to a Border Patrolman and say they're a citizen when they're not. Right. It looks as though it's discretionary. But it looks from the I.J.'s decision. He used the word cannot, not will not, or exercise my discretion not to. It has the look of him thinking he didn't have discretion. That's what the word cannot suggests. Right. If he said, if what he meant by that was I don't have discretion to grant relief because you're not a citizen, then he was making a mistake of law rather than exercising discretion to deny relief. And if he made a mistake of law, then we have jurisdiction, and it seems like we ought to correct the mistake of law and say, no, no, you exercise your discretion. We should decide whether he's a good moral character or not and whether that should bar relief or not. What am I missing in that chain of logic? My response to that would be the immigration judge saying he cannot was more a matter of doing an oral decision and just the language that he used when coming to that determination. He didn't say I cannot find good moral character based on 1101-S. They say cannot because they're trying to be nice. They don't want to say will not. I won't give you relief. They like to basically blame the law so they don't look mean. But they also say cannot when they mean the law doesn't let me. And how do we know which it was? Based on this record, we don't. And I would say because of the omission of saying this is one of the per se categories in 1101-F, he didn't make that decision. It seems more likely that he was just stating this is so clearly an indication of bad moral character that the argument that Judge Kleinfeld's asking you about was that. We didn't hear that from Ms. Vega today and I didn't see it in her brief. Was this made before the BIA? It wasn't. It was not? The due process claims were not made before the BIA. No, the one that Judge Kleinfeld's asking about now. About the discussion now. This cannot, will not, won't business. Was that raised before the BIA? It wasn't. And it's not in the brief? No. So can we even address that? I mean, don't they have to exhaust that? Right. It hasn't been exhausted before the board. And really the only thing they brought before the board was whether it was whether they were notified on the NTA. Which there's no, as you had pointed out, there's really nothing in the law that would suggest that that is required for a discretionary determination of relief, the cancellation of removal. Okay. That's all I have. Is there no further questions? Thank you. Thank you. Thank you, counsel. Your Honor, although it's not, Your Honors, although it's not mentioned in the lower, the board prior to this hearing, due process is still, if it's, can always be brought up. In addition to that, Your Honor, there's been lack of that, lack of due process. It is not just an administrative matter. If we go to the train and the following line, the question remains, is it required in a notice to appear? And we allege it should be. It should have been. Because it was the very crux of the decision of the judge. Counsel, could you help me on the question that I raised with your adversary? I asked whether the use of the word cannot. I cannot grant relief because you're a bad moral character. That phrasing by the IJ implied an error of law because, in fact, he could. He could grant relief if he wanted to, and it looks as though he thought he didn't have discretion. Judge Silverman raised the question of whether this was raised in the briefs, and it appears that it was not raised in the blue brief and it was not raised before the BIA. Was it raised before the BIA or in the blue brief that the IJ misunderstood the law, made an error of law, thought he lacked discretion when he had discretion? To my understanding, it's indirectly, Your Honor. It's not there expressly, but the concepts are there. Okay. Because is it a matter of discretion? It's raised indirectly. How? How is it raised? It's raised indirectly because it's just a matter of the court having the power to make a determination, and that's inherent in a court's jurisdiction, Your Honor. If he has no power because of that lack, whether it's discretionary, then he lacks a jurisdiction. It's just the power of the court. So that's inherent, Your Honor, and although it may not be expressly in there, that can be brought at any time, and if the court lacked, the board lacked the discretion, then it is a matter of law. And here we are again, Your Honor. Here we are again with the due process. Is it required in the notice to appear? We allege it should have been. Is it buried crux? Is it substantial evidence why he has been where he is today? The results are because it was based upon false statements made for citizenship. It should have been brought up in the notice to appear, not just inadvertently. Although it could arguably be on a good moral character category, we're saying it should not have been brought there in a category of discretion. It should have always been in a notice to appear as a due process element, and that's all we're saying, Your Honor. And because of that, he lacked the ability to prepare for a defense. Thank you. Thank you, counsel. Arroyo v. Holder is submitted. We'll hear Matamata v. Holder.
judges: Hall, Kleinfeld, Silverman